## Trustees of Princeton Graded Common Schools, et al. v. Stone.

(Decided May 4, 1911.)

### Appeal from Caldwell Circuit Court.

Schools and School Districts—Graded Schools—Assessment of School Tax—Response to Petition for Rehearing—When a city

graded school is composed in part of territory lying without the city, the assessment of property for State and County purposes must be the basis for the school tax within and without the city.

R. W. LASENBY for appellants.

HODGE & HODGE and S. D. HODGE for appellee.

RESPONSE TO THE PETITION FOR REHEARING BY CHIEF JUSTICE HOBSON—Overruled.

In the opinion we said:

"When the city voted to have its school under the graded school act, and voted the tax under this act, the graded school so established is simply a graded common school, and stands like any other graded common school in the State." (See Trustees v. Stone, 142 Ky., 715.)

By a clerical error the words "as to its boundary" were omitted at the close of the sentence.

It is insisted that sub-section 9 of section 4489 is inconsistent with the conclusion we reached. It is as follows:

"The assessment of property made by the city assessor and equalized according to law, shall be made the basis for collection of city taxes for school purposes of every kind and the said taxes shall be collected by the city collector at the time of collecting other city taxes, and he shall be responsible on his official bond for the same."

When that section was enacted the act of 1906 for extending the boundaries of such districts had not been passed. The subsequent act modifies the former act. The property lying outside of the city is not included in the city assessment, so the city assessment cannot be the basis for the taxation of this property. Section 4492 of the act provides how the assessment of this property is to be ascertained. It provides:

"The tax so imposed shall be paid on the assessment value of the property in the district as ascertained by the assessment made for state and county purposes next preceding the collection of the tax, and shall be collected in the same manner as is provided for the collection of district taxes by section 4443 of this chapter, and the same penalties shall be added for a failure to pay the same; and the same compensation shall be paid

for its collection as is paid for collecting the State revenue."

The assessment made for State and County purposes must be the basis for the taxation of the property lying outside of the city. If the property lying within the city is taxed on the basis of the assessment made by the city assessor as provided by section 4489, subsection 9, then part of the property in the district will be taxed on the basis of one assessment and part on the basis of another. These assessments are not made as of the same date and an inequality might thus be produced. By section 171 of the Constitution, taxes must be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax. To enforce sub-section 9 of section 4489 as to assessments under the conditions we have here, would be to violate this provision of the Constitution; and so we conclude that sub-section 9 of section 4489 is inoperative as to assessments where part of the property to be taxed lies without the city, and that in such cases the assessment made for county and state purposes must be the basis for the collection of all the school taxes. But no constitutional provision is violated when the city tax collector is authorized to collect these taxes. He derives his authority from the act of the General Assembly, and there is no reason why he may not be authorized to collect taxes beyond the boundary of the city. He is by the statute ex officio the collector of both classes of taxes for the school district.

Petition overruled.